1

**KELLY / WARNER, PLLC**
404 S. Mill Ave, Suite C-201

2
Tempe, Arizona 85281
Daniel R. Warner, Esq. (AZ Bar # 26503)

3
Email: dan@kellywarnerlaw.com
Tel: 480-331-9397

4
Fax: 1-866-961-4984
Attorneys for Defendant Doe

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9   CURIS RESOURCES LIMITED,                 No: 2:12-mc-00079-DGC

10              Plaintiff,

11                                           **DEFENDANT'S REPLY TO RESPONSE**
                                             **IN OPPOSITION TO DEFENDANT DOE'S**
     v.                                      **MOTION TO QUASH SUBPOENA**

12                                           **PURSUANT TO FED. R. CIV. P. 45(C)(3)**
                                             **AND ALTERNATIVE MOTION FOR**

13                                           **PROTECTIVE ORDER**
    JOHN/JANE DOE,                           **-AND- MOTION FOR SANCTIONS**

14              Defendant.

15

16

17         Defendant ("Doe"), by and through undersigned counsel, submits this Reply to

18   Plaintiff's Response to Defendant's Motion to Quash and Motion for Sanctions and, for

19   the reasons set forth in following memorandum of points and authorities, respectfully

20   renews his request to quash the subpoenas and for sanctions.

21                    **MEMORANDUM OF POINTS AND AUTHORITIES**

22      I.   **Plaintiff incorrectly argues that Doe's Motion to Quash is Improper.**

23         While attempting to make some type of technical argument regarding Rule 45

24
25   and citing case law pertaining to copyright cases,[1] Plaintiff fails to address how it has

26

27   _____

28   [1] A party has standing to challenge a subpoena issued to a third party when the party has a personal or
     proprietary interest in the information sought by the subpoena. *See Washington v. Thurgood Marshall
     Acad.*, 230 F.R.D. 18, 21 (D.D.C. 2005).

1   met its burden of proof regarding the release of Doe's identity.  In fact, Plaintiff entirely

2   fails to even mention this critical issue.

3          While some federal and state courts have employed various standards, neither

4   the United States Supreme Court nor the United States Court of Appeals for the Ninth

5

6   Circuit has addressed the issue. Some courts have required the moving party to show

7   that its cause of action could survive a motion for summary judgment. *See, e.g., Doe v.*

8   *Cahill*, 884 A.2d 451, 457 (Del.2005); *Mobilisa, Inc. v. Doe*, 217 Ariz. 103, 112, 170

9
10  P.3d 712, 721 (Ct.App.2007). Others have used the motion to dismiss or good faith

11  standard. *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 579 (N.D.Cal.1999);

12  *Lassa v. Rongstad*, 294 Wis.2d 187, 215, 718 N.W.2d 673, 687 (2006). Still others

13  require a concrete showing as to each element of a prima facie case. *Doe I v.*

14  *Individuals Whose True Names Are Unknown*, 561 F.Supp.2d 249, 256 (D.Conn.2008);

15
16  *Dendrite Int'l, Inc. v. Doe No. 3*, 342 N.J.Super. 134, 141–42, 775 A.2d 756, 760–61

17  (N.J.Super.Ct.App.Div.2001).

18         In any event, Plaintiff has not even satisfied the minimal possible standard for

19  disclosure of Doe's identity, let alone the more burdensome summary judgment

20  standard.  Accordingly, the Court must grant Doe's Motion to Quash.

21
**II.  It appears that Doe's Motion to Quash and the subpoenas may have been**
22  **rendered moot given that Plaintiff has managed to obtain Doe's identity;**
    **however, Doe's Motion for Sanctions is certainly not moot.**
23

24  Plaintiff's actions are very concerning.  First, it is unclear how Plaintiff could issue

25  subpoenas BEFORE this Court granted Plaintiff's Application for Judicial Assistance

26  under 28 U.S.C. §1782.  Notably, the Court granted Plaintiff's Application on 8/28/2012

27  [*see* docket # 6], but Plaintiff issued and served its subpoenas on 8/9/2012.  *See*

28

1    **Exhibit "A"** attached hereto.

2    Second, contrary to Plaintiff's misleading arguments, the undersigned did attempt to

3    resolve this dispute long BEFORE filing the Motion to Quash.   Notably, the

4    undersigned has been attempting to resolve this issue since 8/3/2012 – which is

5    BEFORE Plaintiff improperly issued the subpoenas at issue.   See **Exhibit "B"**

6    attached hereto.  It is extremely concerning that Plaintiff's (Canadian) counsel called

7    the undersigned shortly after received the settlement letter attached to Exhibit "B," but

8    purposefully did not alert the undersigned that it was issuing the subpoenas, pretended

9    to engage in settlement negotiations in good faith, and issued the subpoenas BEFORE

10   obtaining permission from the Court. Additionally, the fact that Plaintiff is now

11   misrepresenting to the Court that the undersigned did not attempt to "confer in good

12   faith" is extremely concerning.

13   Third, after engaging in the foregoing conduct, Plaintiff's (Canadian) counsel

14   continued to lead the undersigned to believe that they were negotiating in good faith,

15   but then, after negotiations started to fail, informed the undersigned that Plaintiff

16   obtained Doe's true identity.

17   Therefore, because of Plaintiff's conduct, in addition to the fact that the subpoenas

18   are now moot given that Plaintiff has obtained Doe's true identity, the subpoenas

19   should be quashed and Plaintiff should be sanctioned by, at the very least, being

20   ordered to pay Doe all the costs and attorneys' fees he incurred in filing this Motion.

21   **WHEREFORE**, for the above stated reasons, Doe respectfully requests that the

22   Court enter an Order:  (1) quashing any and all subpoenas issued to any third party

23   seeking Defendant's identity; (2) sanctioning Plaintiff by awarding Defendant all costs

-3-

and attorneys' fees incurred in filing this Motion; and (3) sanctioning Plaintiff by precluding the use of any information obtained from any subpoena referenced herein; and for such other and further relief as the Court finds just and necessary.

RESPECTFULLY submitted this 25th day of October, 2012.

**KELLY / WARNER, PLLC**

By:     /s/ Daniel R. Warner (AZ Bar # 26503)
Daniel R. Warner, Esq.
404 S. Mill Ave, Suite C-201
Tempe, Arizona 85281
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on October 25, 2012, I electronically transmitted the attached document to the Clerk's Office using CM/ECF System for filing and distribution to the following registered participants of the CM/ECF System, who will also be served copies of the attached document by U.S. first class mail and electronic mail:

David Hindman
Mesch, Clark & Rothschild, P.C.
259 N. Meyer Ave.
Tucson, AZ 85701

I further hereby certify that on October 25, 2012, I will serve the attached document by electronic mail and First Class United States Mail on the following, who are not registered participants of the CM/ECF System:

Pinal County
c/o Clerk of the Board
31 N. Pinal Street, Building A
Florence, AZ 85132

Qwest Communications
c/o CT Corporation System
2390 E. Camelback Road
Phoenix, AZ 85016

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>/s/ Rachel N. Eisner</u>
Rachel N. Eisner